**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL NICHOLSON, JR., | ) | CASE NO.  1:14-CV-2756 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | | (Doc. No. 20) |

This case is before the Magistrate Judge by the consent of the parties.  (Doc. No. 12.)  This matter arises out of *pro se* Plaintiff Paul Nicholson, Jr.'s claim that the Defendant United States of America ("United States") owes him a tax refund.  Defendant United States moves for summary judgment (Doc. No. 20), and Plaintiff Nicholson opposes (Doc. No. 21.)  For the following reasons, Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED.

## I.  BACKGROUND

### A.  Factual Allegations

Plaintiff filed a *pro se* Complaint in this Court on December 16, 2014 "for the recovery of taxes."  (Doc. No. 1 at 1.)  The entirety of his factual allegations are set forth in the Complaint as follows:

> 4.  On July 10, 2010, the plaintiff filed to get a Massachusetts 2009 State tax refund for 787 dollars while living in Cleveland Ohio.  The defendant collected a penalty for 727 dollars from the state refund.  And all that was needed was the state refund because the federal was already filed.

> 5.  The plaintiff was in Cleveland Ohio when he filed his taxes.

6.      The federal part of the return was filed timely April 15, 2010.

7.      The penalty for 727 dollars was paid.

8.      The plaintiff did not owe money.

9.      The grounds to this case are a penalty collected without authority.

10.     On July 23, 2012, the plaintiff timely filed a claim for refund.  A true and correct copy of the claim for refund for 2009 is attached.

11.     On December 21, 2012, the plaintiff received a notice of the rejection of its claim for refund.

(Doc. No. 1.)  Plaintiff attached as an Exhibit to his Complaint an undated, handwritten document entitled "For Commissioner Informal Claim for Refund."  (Doc. No. 1-1.)  This document states as follows:

> I'm writing this informal claim letter because you collected a penalty on my 2009 tax return state return part from the amount of 787 dollars.  Because you said there was an error on the federal return part. But my federal return part was already finished on March 31, 2010.  The penalty was taken around January 5, 2011.  And I feel like it should be a collection that shouldn't have happened and [I] believe I should get the 727 dollars that you collected from my state return.

(*Id.*)  Plaintiff seeks damages in the amount of $727, along with statutory interest and costs.  (Doc. No. 1.)

**B.      Procedural Background**

Defendant United States filed an Answer on August 31, 2015, in which it admitted Plaintiff filed a 2009 federal return but denied it collected any penalty related to federal income taxes from Plaintiff.  (Doc. No. 8.)  The United States further denied that Plaintiff filed a claim for refund.  (*Id.*)

On March 3, 2016, the Court conducted a telephonic status conference with Plaintiff and counsel for the United States.  (Doc. No. 15.)  During the conference,

2

Plaintiff represented that he had documents in his possession, custody or control that supported his claims in this action and/or that he intended to introduce at trial.  (*Id.*)  The Court ordered Plaintiff to produce copies of all such documents to Defendant by no later than March 10, 2016, either by mailing them or hand-delivering them as outlined in the Court's Minute Order.  (*Id.*)  The Court also ordered Plaintiff to file a Certification in this Court indicating he complied with the Court's Order.  (*Id.*)

Plaintiff filed a Certification on March 10, 2016 (Doc. No. 16), followed by Supplemental Certifications on March 15, 2016 (Doc. No. 17) and April 8, 2016 (Doc. No. 19), indicating that he had "disclosed all documents in his possession."

Defendant United States filed a Motion for Summary Judgment on May 10, 2016. (Doc. No. 20.)  Plaintiff filed a response on May 25, 2016 (Doc. No. 21), to which Defendant did not reply.

## II.  LAW AND ANALYSIS

Defendant asserts Plaintiff cannot prevail on his claim for refund under 26 U.S.C. § 7422 as a matter of law.  Specifically, Defendant claims that "[a] review of the documents produced by Mr. Nicholson in this case . . . makes clear that the Massachusetts Department of Revenue was the tax authority responsible for reducing Mr. Nicholson's tax refund," and not the Internal Revenue Service ("IRS").  (Doc. No. 20 at 9-10.)   Defendant further asserts Plaintiff has not filed an administrative claim for refund with the IRS and, therefore, this Court lacks jurisdiction over the Complaint as a matter of law.  (*Id.* at 11.)

Plaintiff's *pro se* response contains one paragraph of argument, as follows:

The United States claims I the Plaintiff Paul Nicholson has sued the wrong

3

sovereign.  They're saying my claim is addressed to the Commonwealth of Massachusetts.  I contend that there exists a genuine issue to be tried because it shows on July 23, 2012 the Massachusetts Department of Revenue received a claim for refund under law 26 U.S.C. 7422 from me the plaintiff Paul Nicholson.

(Doc. No. 21 at 3.)

## A.    Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a).  The moving party can meet this burden in two ways: by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing that the nonmoving party, after adequate time for discovery, fails to show sufficient evidence to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must set forth through competent and material evidence of specific facts showing that there is a genuine issue for trial.  *See Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  The trial court has no duty to search the entire case record to establish that it is bereft of a genuine issue of material fact.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989).  The nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely.  *Al–Qudhai'een v. Am. W. Airlines, Inc.*, 267 F.Supp.2d 841, 845 (S.D. Ohio 2003) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir.  2001)). The lack of such a response by the nonmoving party may result in an

4

automatic grant of summary judgment.  *Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

In reviewing summary judgment motions, a court must view all facts and inferences drawn therefrom in a light most favorable to the nonmoving party.  *Pachla v. Saunders Sys., Inc.*, 899 F.2d 496, 498 (6th Cir. 1990).  However, the Court does not weigh the evidence or make credibility determinations.  *Joostberns v. United Parcel Services, Inc.*, 166 F. App'x 783, 787 (6th Cir.  2006).  Moreover, the mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  In other words, the court should determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  *Id.* at 25.

**B.  Analysis**

The only named Defendant in the instant case is the United States.  The United States is immune from suit under the doctrine of sovereign immunity except where there is an express waiver of immunity.  As the Sixth Circuit recently explained in another federal tax case:

> The plaintiffs' complaint names the United States as a defendant; however, the principle of law is well established that the government may not be sued without its consent.  *See, e.g., S. Rehab. Grp., PLLC v. Sec'y of Health & Human Servs.*, 732 F.3d 670, 676 (6th Cir. 2013) (citing *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)).  Moreover, only Congress may waive that immunity, and all "waivers of federal sovereign immunity must be unequivocally expressed in the statutory text ..., must be strictly construed in favor of the United States, ... and [may] not [be] enlarged beyond what the language of the

5

statute requires." *United States v. Idaho ex rel. Dir., Idaho Dep't of Water Res.*, 508 U.S. 1, 6–7, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993) (citations and internal quotation marks omitted). "[W]here Congress has consented to suit against the government, it may define the terms and conditions under which it is willing to allow the United States to be sued." *S. Rehab. Grp., PLLC*, 732 F.3d at 676–77 (citing *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983)).

*Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 498 (6th Cir. 2014).

Congress has provided a limited waiver of sovereign immunity in 26 U.S.C. § 7422(f)(1) for suits against the Government by taxpayers seeking tax refunds. Section 7422(a), however, requires a taxpayer to pursue his or her administrative remedies before filing suit, as follows:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the [IRS], according to the provisions of law in that regard, and the regulations of the [IRS] established in pursuance thereof.

26 U.S.C. § 7422(a).

The exhaustion-of-remedies requirement in § 7422(a) is mandatory. *Berera v. Mesa Medical Group, PLLC*, 779 F.3d 352, 359 (6th Cir. 2015). Indeed, courts have held that "[a] refund claim with the I.R.S. is a jurisdictional prerequisite to a refund action in federal district court." *Townsend v. U.S.*, 2000 WL 1616081 at * 3 (W.D. Mich. Aug. 31, 2000) (quoting *Firsdon v. United States*, 95 F.3d 444, 446 (6th Cir. 1996)). *See also McDonnell v. U.S.*, 180 F.3d 721, 722 (6th Cir. 1999) (stating that "[a] taxpayer must first file an administrative claim for refund with the Secretary of Treasury prior to bringing an action against the United States for a tax refund."); *Dunlap v. Lew*, 2016 WL 2926310 at

* 3 (S.D. Ohio May 19, 2016); *American Financial Group v. U.S.*, 726 F.Supp.2d 802, 810 (S.D. Ohio 2010); *U.S. v. Kaigler*, 109 F.Supp.2d 732, 735 (N.D. Ohio 2000) (Matia, J.) ; *Guthrie v. U.S.*, 2004 WL 1157409 at * 2 (E.D. Tenn. March 31, 2004).

For the following reasons, the Court finds Defendant is entitled to summary judgment in its favor with respect to Plaintiff's tax refund claim.  Plaintiff claims the Defendant "collected a penalty for 727 dollars from [his Massachusetts] refund" and that "[o]n July 23, 2012, the plaintiff timely filed a claim for refund."  (Doc. No. 1.)  Plaintiff further claims he received "a notice of the rejection of [his] claim for refund" on December 21, 2012.  (*Id.*)  In response to this Court's Order, Plaintiff produced to Defendant the documents he believes support this claim.  These documents, however, do not include an administrative claim for refund directed to the IRS.  Rather, and as discussed below, the documents produced by Plaintiff (several of which are attached as Exhibits to Defendant's motion) reflect that Plaintiff filed his "informal claim for refund" with the Massachusetts Department of Revenue and not the IRS.

Specifically, the documents produced by Plaintiff show the following.  On July 9, 2010, Plaintiff filed a 2009 Massachusetts Nonresident/Part-Year Resident Tax Return, reflecting that he was due a refund of $787.00.  (Doc. No. 20-4.)  On January 5, 2011, the Massachusetts Department of Revenue sent Plaintiff a "Notice of Change in Tax/Notice Assessment," informing him that "examination of your tax return resulted in a correction that has changed the amount of your refund."  (Doc. No. 20-5.)  Specifically, the Notice identified the error as "Line 22– Exemption Amount in Line 4 Item F was not Carried to Line 22A."  (*Id.*)  Thereafter, Plaintiff submitted an "Informal Claim for Refund" to "Commissioner Navjeet K. Bal."  (Doc. No. 20-6.)  This refund claim is stamped

7

"Received" by the "Dept. of Revenue Data Integration" on July 23, 2012.  (*Id.*)

Defendant asserts, and Plaintiff does not contest, that Navjeet K. Bal is a former

Commissioner of the Massachusetts Department of Revenue.  (Doc. No. 20 at 7.)

On December 21, 2012, the Massachusetts Department of Revenue sent a letter

to Plaintiff that states as follows:

> The Massachusetts Department of Revenue is currently working on the
> inquiry about your 2009 [tax return].
>
> We are in receipt of your correspondence.  Be advised that on your 2009
> Mass return you did not get a penalty.  Your taxable income exceeded
> 16000 and you did not complete all lines on your return therefore we made
> an adjustment and added the tax of $787 which reduced your refund to
> $60.  If this is in error, please complete a CA-6 with a completed amended
> 2009 return.

(Doc. No. 20-7.)

Based on the above, Defendant argues that the Massachusetts Department of

Revenue was the tax authority responsible for reducing Plaintiff's tax refund.  (Doc. No.

20 at 10.)  Relying on IRS records attached to its motion, Defendant further asserts that

the "IRS did not engage in any collection activity related to Mr. Nicholson's 2009 tax

year."  (*Id.* at 5.)  *See also* Doc. No. 20-1.

In his brief in opposition, Plaintiff does not present any argument or

documentation to the contrary.  Plaintiff states that "I contend that there exists a genuine

issue to be tried because it shows that on July 23, 2012 the Massachusetts Department

of Revenue received a claim for refund under law 26 U.S.C. 7422."  (Doc. No. 21 at 3.)

Plaintiff does not, however, contend that he submitted a claim for refund to the *IRS*, as

required by § 7422.  Moreover, Plaintiff attaches to his response a copy of the same

"Informal Claim for Refund" attached to Defendant's motion, which is addressed to

8

former Massachusetts Department of Revenue Commissioner Navjeet K. Bal.  (Doc. No. 21-1.)  Plaintiff does not attach any other documentation to his response, nor does he direct this Court's attention to any documents demonstrating he filed an administrative claim for refund with the IRS.

Plaintiff did attach to his Complaint another copy of his "Informal Claim for Refund," that is identical in substance to the refund claim attached to his brief in opposition with the exception that the former is directed only to the "Commissioner" rather than to "Commissioner Navjeet K. Bal."  Compare Doc. No. 1-1 with Doc. No. 21-1.  The Court finds that the copy of the refund claim attached to Plaintiff's Complaint is insufficient to create a genuine issue of material fact regarding whether he submitted a refund claim with the IRS.  The refund claim attached to the Complaint does not expressly state that it is directed to the Commissioner of the IRS, and there is no stamp or other marking indicating that it was ever received by the IRS.  Moreover, Defendant has come forward with a "Certificate of Official Record" from the IRS consisting of "an exact transcript" of Plaintiff's account with respect to the tax period ending December 31, 2009.  (Doc. No. 20-1.)  This transcript does not support Plaintiff's claim that the IRS collected a penalty from Plaintiff or otherwise reduced his refund by $727.

The lack of evidence that Plaintiff submitted a refund claim to the IRS for the 2009 tax year is fatal to Plaintiff's claim under §7422(a).  Accordingly, and for all the reasons set forth above, the Court finds Defendant United States is entitled to summary judgment in its favor on Plaintiff's tax refund claim, which is Plaintiff's sole claim for relief.

### III.  CONCLUSION

9

For all the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: June 15, 2016