**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PAUL NICHOLSON, JR., | ) | CASE NO.  1:14-CV-2756 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | | (Doc. No. 24) |

This case is before the Magistrate Judge by the consent of the parties.  (Doc. No. 12.)  This matter arises out of *pro se* Plaintiff Paul Nicholson, Jr.'s claim that the Defendant United States of America ("United States") owes him a tax refund.  Currently pending is Plaintiff's Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).  (Doc. No. 24.)  For the following reasons, Plaintiff's Motion (Doc. No. 24) is DENIED.

## I.  BACKGROUND

Plaintiff filed a *pro se* Complaint in this Court on December 16, 2014 "for the recovery of taxes."  (Doc. No. 1 at 1.)  The entirety of his factual allegations are set forth in the Complaint as follows:

4.  On July 10, 2010, the plaintiff filed to get a Massachusetts 2009 State tax refund for 787 dollars while living in Cleveland Ohio.  The defendant collected a penalty for 727 dollars from the state refund.  And all that was needed was the state refund because the federal was already filed.

5.  The plaintiff was in Cleveland Ohio when he filed his taxes.

6.  The federal part of the return was filed timely April 15, 2010.

>   7.  The penalty for 727 dollars was paid.
>
>   8.  The plaintiff did not owe money.
>
>   9.  The grounds to this case are a penalty collected without authority.
>
>   10. On July 23, 2012, the plaintiff timely filed a claim for refund. A true and correct copy of the claim for refund for 2009 is attached.
>
>   11. On December 21, 2012, the plaintiff received a notice of the rejection of its claim for refund.

(Doc. No. 1.) Plaintiff sought damages in the amount of $727, along with statutory interest and costs. (Doc. No. 1.)

Defendant United States filed an Answer on August 31, 2015, in which it admitted Plaintiff filed a 2009 federal return but denied it collected any penalty related to federal income taxes from Plaintiff. (Doc. No. 8.) The United States further denied that Plaintiff filed a claim for refund. (*Id.*)

On March 3, 2016, the Court conducted a telephonic status conference with Plaintiff and counsel for the United States. (Doc. No. 15.) During the conference, Plaintiff represented he had documents in his possession, custody or control that supported his claims in this action and/or that he intended to introduce at trial. (*Id.*) The Court ordered Plaintiff to produce copies of all such documents to Defendant by no later than March 10, 2016, either by mailing them or hand-delivering them as outlined in the Court's Minute Order. (*Id.*) The Court also ordered Plaintiff to file a Certification in this Court indicating he complied with the Court's Order. (*Id.*)

Plaintiff filed a Certification on March 10, 2016 (Doc. No. 16), followed by Supplemental Certifications on March 15, 2016 (Doc. No. 17) and April 8, 2016 (Doc. No. 19), indicating he had "disclosed all documents in his possession."

Defendant United States thereafter filed a Motion for Summary Judgment on May 10, 2016. (Doc. No. 20.)  Plaintiff filed a response on May 25, 2016 (Doc. No. 21), to which Defendant did not reply.

On June 15, 2016, this Court issued a Memorandum Opinion & Order granting summary judgment in Defendant's favor.  (Doc. No. 22.)  Specifically, the Court found Plaintiff had failed to come forward with sufficient evidence to create a genuine issue of material fact that he had, in fact, filed a refund claim with the IRS regarding the tax year in question.  In so finding, the Court discussed the evidence in some detail, explaining as follows

> [T[he documents produced by Plaintiff show the following.  On July 9, 2010, Plaintiff filed a 2009 Massachusetts Nonresident/Part-Year Resident Tax Return, reflecting that he was due a refund of $787.00.  (Doc. No. 20-4.)  On January 5, 2011, the Massachusetts Department of Revenue sent Plaintiff a "Notice of Change in Tax/Notice Assessment," informing him that "examination of your tax return resulted in a correction that has changed the amount of your refund."  (Doc. No. 20-5.)  Specifically, the Notice identified the error as "Line 22– Exemption Amount in Line 4 Item F was not Carried to Line 22A."  (*Id.*)  Thereafter, Plaintiff submitted an "Informal Claim for Refund" to "Commissioner Navjeet K. Bal."  (Doc. No. 20-6.)  This refund claim is stamped "Received" by the "Dept. of Revenue Data Integration" on July 23, 2012.  (*Id.*)  Defendant asserts, and Plaintiff does not contest, that Navjeet K. Bal is a former Commissioner of the Massachusetts Department of Revenue.  (Doc. No. 20 at 7.)
>
> On December 21, 2012, the Massachusetts Department of Revenue sent a letter to Plaintiff that states as follows:
>
>> The Massachusetts Department of Revenue is currently working on the inquiry about your 2009 [tax return].
>>
>> We are in receipt of your correspondence.  Be advised that on your 2009 Mass return you did not get a penalty.  Your taxable income exceeded 16000 and you did not complete all lines on your return therefore we made an adjustment and added the tax of $787 which reduced your refund to $60.  If this is in error, please complete a CA-6 with a completed

> amended 2009 return.
>
> (Doc. No. 20-7.)
>
> Based on the above, Defendant argues that the Massachusetts Department of Revenue was the tax authority responsible for reducing Plaintiff's tax refund. (Doc. No. 20 at 10.) Relying on IRS records attached to its motion, Defendant further asserts that the "IRS did not engage in any collection activity related to Mr. Nicholson's 2009 tax year." (*Id.* at 5.) *See also* Doc. No. 20-1.
>
> In his brief in opposition, Plaintiff does not present any argument or documentation to the contrary. Plaintiff states that "I contend that there exists a genuine issue to be tried because it shows that on July 23, 2012 the Massachusetts Department of Revenue received a claim for refund under law 26 U.S.C. 7422." (Doc. No. 21 at 3.) Plaintiff does not, however, contend that he submitted a claim for refund to the *IRS*, as required by § 7422. Moreover, Plaintiff attaches to his response a copy of the same "Informal Claim for Refund" attached to Defendant's motion, which is addressed to former Massachusetts Department of Revenue Commissioner Navjeet K. Bal. (Doc. No. 21-1.) Plaintiff does not attach any other documentation to his response, nor does he direct this Court's attention to any documents demonstrating he filed an administrative claim for refund with the IRS.

(*Id.* at 7-8.) The Court further noted that Defendant had come forward with a "Certificate of Official Record" from the IRS consisting of an "exact transcript" of Plaintiff's account with respect to the tax period ending December 31, 2009. (*Id.* at 9.) This transcript did not support Plaintiff's claim that the IRS collected a penalty from him or otherwise reduced his refund by $727. (*Id.*)

In light of the above, the Court found that "the lack of evidence that Plaintiff submitted a refund claim to the IRS for the 2009 tax year is fatal to Plaintiff's claim under § 7422(a)." (*Id.*) Thus, the Court found Defendant was entitled to summary judgment in its favor on Plaintiff's sole claim for a tax refund.

On July 11, 2016, Plaintiff filed a document captioned "Amended Judgment

4

Motion Fed. R. Civ. P. 59(e)." (Doc. No. 24.) It is this motion that is currently pending before the Court.

## II. LAW AND ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 59(e) allows district courts to alter or amend a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). *See also Heil Co. v. Evanston Ins. Co.*, 690 F.3d 722, 728 (6th Cir. 2012); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such a motion is extraordinary and sparingly granted. *See Cequent Trailer Products, Inc. v. Intradin (Shanghai) Machinery Co., Ltd.*, 2007 WL 1362457 at * 2 (N.D. Ohio May 7, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit

5

parties to effectively 're-argue a case.'" *Howard,* 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe,* 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff,* 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810 -1, at 124 (2d ed. 1995).

**B.    Analysis**

> The entirety of Plaintiff's Motion is as follows:
>
> On top of page 9 of the Memorandum Opinion and Order, the Judge says that the plaintiff does not attach any other documentation to his response. The Judge can't grant summary judgment for the defendant against the plaintiff until I've had a chance to argue and present evidence on the grounds unless the grounds were already pleaded and argued and I was given even time to respond. Rule 56.
>
> The relief I deserve is a[n] amended judgment on a summary judgment granted to the defendant.

(Doc. No. 24.) Plaintiff also requests oral argument, arguing that "[w]e need an oral argument for a better understanding of what we're talking about." (*Id.*)

Plaintiff's motion is denied. Plaintiff was given ample opportunity to "argue and present evidence on" his tax refund claim. As noted above, Plaintiff filed his Complaint on December 16, 2014. The Court conducted a case management conference ("CMC") on December 9, 2015, at which time the Court set a non-expert discovery deadline of April 15, 2016 and a dispositive motion deadline of May 16, 2016. (Doc. No. 11.) During a telephonic status conference on March 3, 2016, Plaintiff represented he had documents in his possession, custody or control that supported his claims and/or that he intended to introduce at trial. (Doc. No. 15.) The Court ordered Plaintiff to produce those documents to Defendant by March 10, 2016 and reminded him that the discovery deadline would expire on April 15, 2016. (Doc. No. 15.) Plaintiff filed certifications in

March and April 2016 indicating he had disclosed "all documents in his possession." (Doc. Nos. 16, 17, 19.)  At no time did he request an extension of either the discovery or dispositive motions deadlines.

Defendant thereafter filed its motion for summary judgment on May 10, 2016. (Doc. No. 20.)  Plaintiff did not request an extension of time to respond, and timely filed his Brief in Opposition on May 25, 2016. (Doc. No. 21.)  The Court acknowledged evidence submitted by Plaintiff in support of his claim, but found he had failed to demonstrate the existence of a genuine issue of material fact.  (Doc. No. 22 at 9.)  In particular, the Court explained as follows:

> Plaintiff did attach to his Complaint another copy of his "Informal Claim for Refund," that is identical in substance to the refund claim attached to his brief in opposition with the exception that the former is directed only to the "Commissioner" rather than to "Commissioner Navjeet K. Bal."  Compare Doc. No. 1-1 with Doc. No. 21-1.  The Court finds that the copy of the refund claim attached to Plaintiff's Complaint is insufficient to create a genuine issue of material fact regarding whether he submitted a refund claim with the IRS.  The refund claim attached to the Complaint does not expressly state that it is directed to the Commissioner of the IRS, and there is no stamp or other marking indicating that it was ever received by the IRS.  Moreover, Defendant has come forward with a "Certificate of Official Record" from the IRS consisting of "an exact transcript" of Plaintiff's account with respect to the tax period ending December 31, 2009. (Doc. No. 20-1.) This transcript does not support Plaintiff's claim that the IRS collected a penalty from Plaintiff or otherwise reduced his refund by $727.

(*Id.*)

In light of the above, the Court rejects Plaintiff's argument that he is entitled to relief under Rule 59(e) because he was not given sufficient opportunity to argue and present evidence in support of his tax refund claim.  Plaintiff was provided ample opportunity to conduct discovery and, further, to file his response to Defendant's

7

summary judgment motion.  Plaintiff never indicated he needed additional time to develop his case, either during the March 2016 telephonic status conference or via motion.  He cannot now complain that he was given insufficient opportunity to present his claim.[1]

Accordingly, Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 24) is DENIED.

### III.  CONCLUSION

For all the reasons set forth above, Plaintiff's Motion to Alter or Amend Judgment (Doc. No. 24) is DENIED.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: July 14, 2016

---

[1] Moreover, Plaintiff has not argued or demonstrated a clear error of law; newly discovered evidence; an intervening change in the law; or a need to prevent manifest injustice.